UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN P. ZELLNER,

                       Plaintiff,

      -vs-                         **No. 1:13-CV-00432 (MAT)**
                                          **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                       Defendant.

---

**I.   Introduction**

    Represented by counsel, John P. Zellner ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter was initially before the Court on the parties' cross motions for summary judgment.[1] The parties' motions were referred to Magistrate Judge Leslie G. Foschio for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

    By R&R dated March 22, 2016, Magistrate Judge Foschio found that plaintiff's back impairment met Listing 1.04A, and that plaintiff was therefore presumptively disabled under the

---

[1] This case was originally assigned to Judge Richard Arcara, who referred it to Magistrate Judge Foschio for a Report and Recommendation, which was completed and filed on March 22, 2016. The case was referred to this Court by order dated March 16, 2016.

regulations. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A. Accordingly, the R&R recommended that the case be remanded solely for the calculation and payment of benefits. Doc. 18.

**II.  Procedural History**

The record reveals that in August 2010, plaintiff (d/o/b January 12, 1954) applied for DIB, alleging disability as of July 19, 2010. After his applications were denied, plaintiff requested a hearing, which was held before administrative law judge David Lewandowski ("the ALJ") on January 31, 2012. The ALJ issued an unfavorable decision on February 16, 2012. The Appeals Council denied review of that decision and this timely action followed. As the R&R points out, a subsequent application for DIB was granted by ALJ Stanley Moskal, who found that plaintiff was disabled as of March 6, 2012. Thereafter, plaintiff amended his period of disability review in this case to the closed period between July 19, 2010 and March 6, 2012. Doc. 15.

The R&R contains a thorough summary of the medical record and the administrative hearing, as well as a summary of the ALJ's decision. The Court incorporates those portions of the R&R by reference.

**III. Report and Recommendation**

The R&R recommended that the case be remanded solely for the calculation and payment of benefits, finding that plaintiff's back impairment rendered him disabled as a matter of law according to Listing 1.04A. That listing provides that an individual is disabled

2

if he has a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss. . . ." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

In addition to finding that the medical evidence in the record established plaintiff's disability under listing 1.04A, the R&R alternately found that the ALJ failed to properly apply the treating physician rule to the opinion of plaintiff's treating physician, Dr. Matthew Bennett.

The Commissioner filed Objections to the R&R, contending that the R&R (1) erroneously concluded that plaintiff met Listing 1.04A, and (2) erred in finding that the ALJ violated the treating physician rule. Doc. 21. Because consideration of the Commissioner's first objection is dispositive of this case, the Court will discuss that objection only.

**IV. Discussion**

When reviewing a magistrate judge's report and recommendation, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[.]" Id.

3

The Commissioner's first objection contends that Judge Foschio erred in concluding that plaintiff's back impairment met Listing 1.04A. In considering that listing, the R&R found that MRI results showing "indentation of Plaintiff's thecal sac at Plaintiff's C3-C4, C5-C6, and C6-C7 disc segments, [established] that Plaintiff's cervical spine impairment resulted in nerve root compression as required to be considered disabled under § 1.04." Doc. 18 at 14. The R&R went on to find that plaintiff satisfied the listing's remaining requirements of "neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss," citing the relevant portions of the record in support of those factual findings. Doc. 18 at 15-16.

The Commissioner contends that the results of the MRI studies were "not so clear" as to indicate nerve root compression as found by Judge Foschio. The Commissioner argues that rather than showing nerve root compression, these imaging test results revealed "at most . . . a *possible slight* compression at C5-C6." Doc. 21 at 3 (emphasis in original). The Court has reviewed the relevant portions of the record, which reveal that neurosurgeon Dr. Young Yu, who interpreted the MRI, noted a "C5-C6 level posterior spurring and diffuse disc bulge versus herniation that appears to *touch and slightly indent* the anterior aspect of the spinal cord." T. 178 (emphasis added). This finding supports Judge Foschio's conclusion that plaintiff's MRI results showed nerve root

4

compression. See, e.g., Naumovski v. Colvin, 2014 WL 4418101, *6 (W.D.N.Y. Sept. 8, 2014) (finding nerve root compression established where imaging test results showed "indentation of the thoracic spinal cord"). The Court has reviewed the administrative record and finds that Judge Foschio correctly concluded that plaintiff satisfied the listing's remaining requirements. See doc. 18 at 15-16.

The Court therefore adopts Judge Foschio's R&R to the extent that it recommends remand solely for the calculation and payment of benefits as to the closed time period between July 19, 2010 and March 6, 2012. The Commissioner's Objections to the R&R (Doc. 21) are overruled.

**V.   Conclusion**

For the reasons discussed in this Decision and Order as well as those set forth in the R&R, the Commissioner's motion for judgment on the pleadings (Doc. 10) is denied and plaintiff's motion (Doc. 9) is granted. This matter is reversed and remanded solely for the calculation and payment of benefits as to the closed time period between July 19, 2010 and March 6, 2012. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                             **S/Michael A. Telesca**
                                             HON. MICHAEL A. TELESCA
                                             United States District Judge

Dated:   May 3, 2016
        Rochester, New York.